# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>        Plaintiff,<br><br>    v.<br><br>ZAMORA,<br><br>        Defendant.<br>_____/ | CASE NO. 1:10-CV-01643-AWI-DLB PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(DOC. 14)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

Plaintiff Michael Lynn Waters ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for temporary restraining order for appointment of counsel, filed January 3, 2011.

**I.   Appointment Of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek

volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

Plaintiff seeks the appointment of Michael Bien as counsel for Plaintiff. Plaintiff however has not demonstrated exceptional circumstances or the likelihood of success on the merits in this action. For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

## II. Temporary Restraining Order/ Preliminary Injunction

The Court will treat Plaintiff's motion as one for preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction is an extraordinary remedy that should not be granted unless the plaintiff by a clear showing demonstrates that he is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)

Here, Plaintiff seeks to remain in single cell status because of his mental health issues, and to prohibit Defendant Zamora or any other mental health staff from affecting his cell status. Plaintiff however has yet to demonstrate success on the merits, as his complaint failed to state a claim. Plaintiff has also failed to demonstrate that preliminary injunctive relief will prevent

1  *irreparable* injury.  Plaintiff is concerned that he will harm another inmate or be harmed if he is
2  double celled.  However, Plaintiff did not demonstrate in his motion a clear showing that he is
3  entitled to such relief.
4        Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for
5  temporary restraining order or injunctive relief be DENIED.
6        These Findings and Recommendations will be submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fifteen**
8  **(15) days** after being served with these Findings and Recommendations, the parties may file
9  written objections with the Court.  The document should be captioned "Objections to Magistrate
10 Judge's Findings and Recommendations."  The parties are advised that failure to file objections
11 within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*
12 *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
13       IT IS SO ORDERED.
14     **Dated:**   **March 11, 2011**              /s/ **Dennis L. Beck**
                                                                                   UNITED STATES MAGISTRATE JUDGE