# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>        Plaintiff,<br><br>    v.<br><br>ZAMORA,<br><br>        Defendant.<br>_____/ | CASE NO. 1:10-CV-01643-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(DOC. 16)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.    Background**

Plaintiff Michael Lynn Waters ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 30, 2010, Plaintiff filed a motion for preliminary injunction in the Sacramento Division of the Eastern District of California. Doc. 1. On September 10, 2010, Plaintiff's case was transferred to this Court. Doc. 6. The Court construed Plaintiff's motion as both a motion for preliminary injunction and a complaint. On January 13, 2011, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. On January 31, 2011, Plaintiff filed a first amended complaint. Doc. 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

1  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
2  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
3  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
4  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
5  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
6  1915(e)(2)(B)(ii).

7       A complaint must contain "a short and plain statement of the claim showing that the
8  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
9  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
10 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
11 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
12 matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,
13 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

14 **II.**    **Summary of Amended Complaint**

15      Plaintiff was previously incarcerated at Corcoran State Prison ("CSP") in Corcoran,
16 California, where the events giving rise to this action occurred.  Plaintiff names LCSW (licensed
17 clinical social worker) Zamora as Defendant.

18      Plaintiff alleges the following.  Defendant Zamora withheld evidence regarding Plaintiff's
19 mental health.  Defendant Zamora had found that Plaintiff was manipulating prison staff in order
20 to receive single cell status.  Plaintiff is diagnosed as having obsessive-compulsive disorder
21 ("OCD").  Plaintiff attaches numerous exhibits in support of his complaint.

22      Plaintiff alleges Defendant Zamora failed to protect Plaintiff in violation of the Eighth
23 Amendment.  Plaintiff does not submit a request for relief in his amended complaint.

24 **III.**    **Analysis**

25      The Eighth Amendment protects prisoners from inhumane methods of punishment and
26 from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
27 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and
28 only those deprivations denying the minimal civilized measure of life's necessities are

1  sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,
2  503 U.S. 1, 9 (1992) (citations and quotations omitted).  Prison officials have a duty to take
3  reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250
4  (9th Cir. 1982).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must
5  allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk
6  of serious harm to him.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152
7  F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on the part of the official is not sufficient to
8  establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at
9  835; *Frost*, 152 F.3d at 1128.

10        Here, Plaintiff fails to state a cognizable claim against Defendant Zamora.  Plaintiff fails
11  to allege what is the serious harm that Defendant Zamora allegedly knew of and disregarded.
12  Without a serious harm, there is no Eighth Amendment claim.  Plaintiff also fails to allege facts
13  which indicate that Defendant Zamora disregarded a risk of serious harm.  Based on Plaintiff's
14  allegations, Defendant Zamora had found Plaintiff did not need single cell status because there
15  was a report in Plaintiff's central file which indicated that Plaintiff had attempted to manipulate
16  prison staff to receive double cell status.  Am. Compl., Ex. C.

17        Plaintiff also submits exhibits which indicate that other mental health assessments had
18  found that Plaintiff's OCD contributed to behavioral issues with other cell mates.  Am. Compl.,
19  Ex. I.  To the extent that there is a disagreement between medical professionals, Plaintiff fails to
20  state a claim.  Differences in treatment between health professionals regarding the appropriate
21  course of treatment generally do not rise to the level of deliberate indifference. *Toguchi v.*
22  *Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2006).

23  **IV.     Conclusion And Recommendation**

24        Plaintiff fails to state any claims against Defendant Zamora.  Plaintiff was previously
25  provided the opportunity to amend his complaint curing the deficiencies identified, but failed to
26  do so.  The Court does not find that Plaintiff will be able to plead additional facts to cure the
27  deficiencies in his amended complaint.  Accordingly, further leave to amend should not be
28  granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

1     Based on the foregoing, it is HEREBY RECOMMENDED that

2     1.    This action is DISMISSED for failure to state a claim upon which relief may be

3           granted; and

4     2.    This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

5     These Findings and Recommendations will be submitted to the United States District

6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-**

7 **one (21) days** after being served with these Findings and Recommendations, the Plaintiff may

8 file written objections with the Court.  The document should be captioned "Objections to

9 Magistrate Judge's Findings and Recommendations."  The Plaintiff is advised that failure to file

10 objections within the specified time may waive the right to appeal the District Court's order.

11 *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

12     IT IS SO ORDERED.

13     Dated:   **May 11, 2011**                   /s/ **Dennis L. Beck**

                                                                   UNITED STATES MAGISTRATE JUDGE